UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

      - v. -

MAGDALENO MENDOZA,
  a/k/a "Alex Mendoza,"

            Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**CORRECTED PRELIMINARY ORDER OF FORFEITURE AS TO SPECIFIC PROPERTY**

S1 25 Cr. 28 (PGG)

WHEREAS, on or about January 22, 2025, MAGDALENO MENDOZA (the "Defendant"), was charged in a one-count Indictment, 25 Cr. 28 (PGG) (the "Indictment"), with conspiracy to commit wire fraud, in violation of Title 18, United States Code, Section 1349 (Count One);

WHEREAS, the Indictment included a forfeiture allegation as to Count One, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), of any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offense charged in Count One of the Indictment, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count One of the Indictment;

WHEREAS, on or about May 19, 2025, the Government's Forfeiture Bill of Particulars (D.E. 21) was filed providing notice of the Government's intention to seek the forfeiture of the following property:

    a.    9443 Dacosta Street, Downey, California 90240 Lot Number: 45; Tract: 16024 Parcel Number 6391-011-006.

(the "Specific Property");

WHEREAS, on or about July 1, 2025, the Defendant consented to the filing of Information S1 25 Cr. 28 (PGG) (the "Information"), charging the Defendant with conspiracy to commit wire fraud in violation of 18 U.S.C. § 371, and illegal reentry in violation of 8 U.S.C. § 1326(a) and (b)(1). the Information included a forfeiture allegation as to Count One, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), of any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offense charged in Count One of the Information, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count One of the Information;

WHEREAS, on or about July 1, 2025, the Defendant pled guilty to the Information pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Count One and agreed to forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), (i) a sum of money equal to $1,500,000 in United States currency traceable to the commission of the offense charged in Count One of the Information and (ii) all right, title, and interest of the Defendant in the Specific Property;

WHEREAS, on or about December 18, 2025 the Court entered a Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment (the "Preliminary Order of Forfeiture")(Docket Entry 37), imposing a forfeiture money judgment against the Defendant in the amount of $1,500,000 in United States currency traceable to the commission of the offense

charged in Count One of the Information (the "Money Judgment") and forfeiting all of the Defendant's right, title, and interest in the Specific Property;

WHEREAS, the third digit of the street address in the Specific Property was incorrectly written as "4" in the Preliminary Order of Forfeiture instead of "3," and the property should have been correctly described as:

    a. 9433 Dacosta Street, Downey, California 90240 Lot Number: 45; Tract: 16024 Parcel Number 6391-011-006.

(the "Corrected Specific Property");

WHEREAS, the Preliminary Order of Forfeiture is to be corrected only as to the Corrected Specific Property, and the Preliminary Order of Forfeiture should in all other respects remain unchanged and fully incorporated herein; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Corrected Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1. Upon the entry of this Corrected Preliminary Order of Forfeiture as to Specific Property, all of the defendant's right, title and interest in the Corrected Specific Property is hereby forfeited and vested in the United States of America.

2. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Corrected Preliminary Order of Forfeiture as to Specific Property is final as to the Defendant

MAGDALENO MENDOZA, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

3. Upon entry of this Corrected Preliminary Order of Forfeiture as to Specific Property, the United States Customs and Border Protection, or its designee the Office of Fines, Penalties, and Forfeiture, is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

4. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the Defendant, claiming interest in the Corrected Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

5. The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Corrected Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Corrected Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Corrected Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

6.      Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

7.      Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Corrected Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed.  All Corrected Specific Property forfeited to the United States under a Final Order of Forfeiture shall be applied towards the satisfaction of the Money Judgment.

8.      The Court shall retain jurisdiction to enforce this Corrected Preliminary Order of Forfeiture as to Specific Property, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.


SO ORDERED:


_____
HONORABLE PAUL G. GARDEPHE
UNITED STATES DISTRICT JUDGE

Jan. 28, 2026
DATE